422 P.2d 194

**STATE of Utah, Plaintiff and Respondent,**

v.

**Connie O. STONE, Defendant and Appellant.**

**No. 10650.**

Supreme Court of Utah.

Jan. 13, 1967.

Sumner J. Hatch, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a conviction for appropriation of public moneys without authority of law while holding the office of City Recorder for Layton City. Affirmed.

Art. XIII, sec. 8 of the Utah Constitution provides that the making of profit or using public money by a public officer for any purpose unauthorized by law is a

felony. Title 76–28–59, Utah Code Annotated 1953 provides that "Every officer of this state, or of any county, city, town, precinct or district of this state, and every other person charged with the receipt, safekeeping, transfer or disbursement of public moneys who * * * (1) Without authority of law appropriates the same or any portion thereof to his own use, or to the use of another * * * is guilty of a felony."

The latter statute no doubt is an implementation of the former Article XIII, sec. 8, supra.

There are correlative city ordinances which need not be canvassed here.

Defendant urges 1) That specifically a City Recorder is not one statutorily charged with the "receipt, safekeeping, transfer or disbursement of public moneys"; 2) that therefore an instruction indicating that he is, was in error; and 3) that the trial court erred in admitting certain evidence.

Disposing of 3) first: Defendant says "In at least 12 instances" the court "admitted documentary evidence either with the comment that he reserved the right to reconsider unless the lack of foundation was rectified or the evidence connected up." This is not very unusual in a five-day trial that built up a transcript of over 400 pages of testimony. Even so, the objector has the onus of calling to the attention of the trial court such admissions taken under advisement with reservations.[1] That burden was not sustained in any instance in this case. Furthermore, only three of such instances were mentioned with specific reference to where they could be found in the transcript. The three instances mentioned appeared to be standard operating procedure in a case like this. If the objector fails to preserve the record by insisting on calling attention to the reservation to rule on such objections, it is obvious that one easily could invite error by silence. We think this point on appeal, in this particular case, is without substantial merit.

As to 1) and 2): The Constitution and implementing statutes and ordinances impose sanctions clearly designed to protect against hypothecation of public moneys by public officials,—no matter how they glued onto the taxpayers' money. Clerks, Stenographers and the like well may not be public *officials*, but a City Recorder is. No matter how the latter obtained the funds, we think that the clear intent of the Constitution and implementing legislation demands that he must account to the appropriate fund. Otherwise, the purpose and intent of the law would reduce themselves to a sort of ridiculosity.

In this case the defendant admitted that she was City Recorder, that she han-

1. McCormick, Evidence, Sec. 58 (1954); State v. Freeman, 93 Utah 125, 71 P.2d 196 (1937).

dled the funds, with a duty to account, that may or may not have been the duty of a treasurer or some other public official. Fact is that she accepted public funds, made book on and banked them. There seems to be no question about the fact that during the defendant's comparatively short tenure in office there was evidence of initial, continuous "lapping of accounts," —a sort of "kiting" of checks technique, where funds are received today, but in part not reported, to be balanced by a belated "make-up" the next month in order to balance out and then by not reporting later receipts, ad infinitum, until comes the dawn, where the sun comes up to furnish light for a bespectacled auditor to observe and report what goes on.

This is what occurred here. After that it remains for a jury to determine the "whodunit" from evidence convincing beyond a reasonable doubt. That is this case, and we cannot succumb to the suggestion that even so, the statute, by technicality, sanctions a peculation of public funds by possible inarticulation of the statute, whose wording nonetheless rather clearly points to an intention to preserve public funds against unauthorized appropriation by any Tom, Dick or Harry public officials.

We are sure just what the Constitution and statutes pointed up, and feel that they fit this case. In other words, we cannot go along with the very excellent argument of counsel for appellant, who, incidentally, did not take part in the trial of this case, but only on the appeal.

CROCKETT, C. J., CALLISTER, TUCKETT, and ELLETT, JJ., concur.