**Richard W. MILLER, Plaintiff and Respondent,**

v.

**Sheryl R. (Miller) MARTICORENA, Defendant,**

and

**Sergio Marticorena, Third-Party Defendant and Appellant.**

**No. 13629.**

Supreme Court of Utah.

Jan. 30, 1975.

Robert D. Maack, Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for third-party defendant and appellant.

Brant H. Wall, Gregory B. Wall, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

We have an unusual fact situation in these proceedings wherein two former husbands of Sheryl Rae Miller Marticorena contest the right to have the custody as well as the duty of supporting a child born to Mrs. Marticorena. From an adverse ruling by the district court, Sergio Marticorena, denominated third-party defendant, appeals to this court.

On May 10, 1969, the plaintiff, Richard W. Miller, and Sheryl Rae Miller were married. Shortly thereafter, plaintiff left for Fort Gordon, Georgia, where he began a tour of active duty with the army. Richard's tour of duty began on May 22, 1969. Soon after Richard arrived at Fort Gordon, he failed to receive any communication from his wife. Richard obtained a leave of absence for the purpose of searching for Sheryl Rae, whom he located about the third week of August. Richard and Sheryl Rae lived together for a few days during which time they had sexual relations. Richard returned to Fort Gordon where he completed his tour of duty and thereafter returned to Salt Lake City, where during the month of October, Richard and Sheryl Rae resumed living together. The couple lived together for approximately six months and then separated.

On December 31, 1970, Richard commenced these proceedings seeking a divorce. A decree of divorce was entered on March 29, 1972, which became final on June 30, 1972. Sheryl Rae and Marticorena were married on July 30, 1972. The decree awarded the care and custody of the child, Michael Wayne, to Sheryl Rae, and Richard was granted rights of visitation. The child lived with Sheryl Rae and Marticorena after their marriage. On October 20, 1973, Sheryl Rae was killed in an automobile accident. After the death of Sheryl Rae, the child Michael Wayne Miller remained in the custody of Marticorena. Richard W. Miller, the plaintiff, obtained an order to show cause, which was served upon Marticorena for the purpose of contesting Marticorena's right to maintain custody of the child. While this procedure is questionable, no question was raised by the parties, and they elected to try out the issues of custody on the issues joined by the pleadings.

At the trial the plaintiff elected to stand on the presumption that Michael Wayne

Miller was the legitimate child of the marriage of Richard and Sheryl Rae, and that he was entitled to custody as a matter of right. Marticorena had the burden of proving beyond a reasonable doubt that he rather than Richard was the father of Michael Wayne.[1] Prior to the hearing in this matter the court ordered that blood specimens be obtained from Michael Wayne Miller, Richard Miller, and Sergio Marticorena. The specimens were submitted to a physician who specialized in blood matching, and the results were admitted in evidence by stipulation of the parties. The study revealed that neither Richard Miller nor Sergio Marticorena could be excluded as being the father of Michael Wayne Miller.

The main thrust of Marticorena's appeal to this court is based upon refusal of the trial court to admit statements made by Sheryl Rae to Marticorena, Richard Miller, Dr. Donald M. Kirk, the physician who attended Sheryl Rae prior to and at the birth of the child; Dr. Kirk's nurse, and a bishop of the L. D. S. Church. While the specific grounds for the refusal on the part of the court do not appear, it would appear that the ruling was based upon the court's judgment that a proper foundation had not been laid for the receipt of the proffered testimony. The evidence shows that on or about the time of her conception Sheryl Rae had sexual relations with both Marticorena and Richard. It is unlikely that she knew which man was in fact the father. Without a better foundation being laid, the trustworthiness of the evidence proffered was doubtful.[2] Under these circumstances the court was correct in its ruling. Had Sheryl Rae been living she would not have been permitted to testify that anyone other than her husband was the father of the child. The fact that Sheryl Rae made statements concerning that matter to other persons did not make them admissible.

After a careful examination of the entire record we conclude that Marticorena, appellant here, failed to establish beyond a reasonable doubt that he was the father of the child here involved. The decision of the lower court is affirmed. Respondent is entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

[1]. Lopes v. Lopes, 30 Utah 2d 393, 518 P.2d 687.

[2]. 5 Wigmore on Evidence, 3d Ed., Secs. 1482–1484.