**Barbara Nancy ASTORGA, Plaintiff and Respondent,**

v.

**Richard George JULIO, Defendant and Appellant.**

No. 14526.

Supreme Court of Utah.

May 25, 1977.

Everett E. Dahl, Midvale, for defendant and appellant.

Barbara Nancy Astorga, pro se.

MAUGHAN, Justice:

Plaintiff filed this action seeking modification of a judgment for child support. Upon hearing, the court increased the amount from $50 to $75 per month. Defendant appeals. We affirm.

In March 1967, defendant was ordered, pursuant to a bastardy proceeding, to pay child support. In November 1975, plaintiff filed a complaint and contemporaneously

therewith had an order to show cause issued, seeking an order increasing child support payments to $100. Upon hearing, the court issued an order granting a $25 increase. Plaintiff asserted as a ground for the increment a material change in circumstances, viz., a significant increase in her expenses and defendant's income.

On appeal, defendant contends plaintiff is precluded from seeking a modification thereof under a civil action, because she initially proceeded by criminal process.

Defendant's assertion is without merit. A proceeding under the Bastardy Act is civil in nature, its purpose is to compel the father of a child to support it during its tender years.[1] Furthermore, in Sec. 77–60–7, U.C.A.1953, of the Bastardy Act, there is a specific provision for the order made herein, ". . . Such subsequent changes or new orders may be made by the court for the support, maintenance and education of said child as shall be reasonable and proper. . . ."

Defendant further contends there was insufficient evidence to warrant a modification of the support order. Plaintiff presented evidence showing the child's current monthly expenses were $170.50. Included in this amount was the sum of $40 for child care. The child was supervised after school, enabling plaintiff to work. A review of the incomes and expenses of both parties discloses nothing inequitable in the order of the court, apportioning to each a reasonable and proper share of the child's expenses.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

1. *State v. Judd*, 27 Utah 2d 79, 81, 493 P.2d 604 (1972).