**John W. ROODS, Jr., Plaintiff and Appellant,**

v.

**Victoria Lynn ROODS, Defendant and Respondent.**

No. 17472.

Supreme Court of Utah.

March 29, 1982.

Ronald W. Perkins, Ogden, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Stephen G. Schwendiman, Sp. Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HOWE, Justice:

Appellant John W. Roods, Jr., former husband of respondent Victoria Lynn Roods, seeks reversal of a lower court judgment which declared him to be the father of respondent's minor child and ordered him to pay past and future child support.

Appellant contends that the court erred: (1) in permitting the mother to testify regarding the child's paternity; (2) in allowing the mother to testify with respect to gestation; and (3) by finding the applicable standard of proof where paternity is asserted to be "by a preponderance of the evidence" rather than "beyond a reasonable doubt."

The appellant and the respondent were married to each other in February of 1973 and divorced in June of 1976. A few months prior to their divorce, she became pregnant. The child was born in December of 1976. However, before the child's birth, in August of 1976, she married Craig Greene whose surname was given to the child, and who supported the child while he was married to her. Giving support enabled him to claim the child as a dependent for income tax purposes. She and Greene were divorced in 1978.

At trial the mother testified that she had engaged in sexual relations with the appellant in March of 1976, that the child was a full-term baby, and that she had met Greene when he was married but did not begin associating with him again until May or June of 1976 when he was divorced. The appellant objected to this testimony on the ground that it tended to illegitimatize the child. The court overruled the continuing objection finding the testimony to be "in the child's interests and not against public policy." Appellant offered no evidence of impotency at the time of access and no evidence that the child was not a normal, full-term baby. He claimed only that he did not know the mother was pregnant until June of 1976, even though he had taken her to a doctor shortly before their divorce.

Appellant contends first that the mother's marriage to her second husband and his giving support legitimatizes the child, and it was error under the Lord Mansfield Rule to admit the mother's testimony concerning paternity since such testimony tended to illegitimatize the child. He assumes that because the child was born while the mother was married to her second husband, the child has been made legitimate by having been born during that marriage. Consequently, he contends that the Lord Mansfield Rule prevents the admission of testimony which disputes the second husband's fatherhood because that testimony would make the child illegitimate. The appellant's premises are false and his reasoning is faulty.

The presumption that a child born to a married woman is the offspring of her husband and legitimate is applied where the child is conceived out of wedlock. *Holder v. Holder*, 9 Utah 2d 163, 340 P.2d 761 (1959). That is not the case here. The child in this case was both conceived and born during marriage. Whether the first husband or the second husband is the father, the child is legitimate by virtue of having been conceived and born during marriage; and, by definition the child is incapable of being classified otherwise.

As we observed in *Lopes v. Lopes*, 30 Utah 2d 393, 518 P.2d 687 (1974), the Lord Mansfield Rule provides that spouses may not give testimony which would tend to illegitimatize the child. In this case since the child cannot be made illegitimate, the Lord Mansfield Rule does not apply and the admission of testimony concerning paternity was admissible. *Miller v. Marticorena*, Utah, 531 P.2d 487 (1975), is inapplicable here for its discussion of the Lord Mansfield

rule because there, unlike here, the mother had engaged in relations with both her husband and her paramour within the period of possible conception but she was not alive to offer any testimony.

The unusual circumstances here of the conception of the child during one marriage and the birth during another, perhaps, caused the question of legitimacy to interfere with the question of paternity. But presumptions cannot be employed or juxtaposed to defeat the integrity of the family and the policy of giving the interests and welfare of children priority. Neither the presumption that a child is legitimate if conceived during but born after the marriage is terminated nor the presumption that a child is legitimate if conceived before but born during marriage individually or jointly control where the child is both conceived and born during marriage. It is simply clear on the facts at the outset that the child is legitimate one way or the other. The facts also determine whether the first husband or the second husband is the father. See *Vulgamore v. Vulgamore*, 7 Ohio App. 374, 27 Ohio C.A. 136, 38 Ohio C.C. 229, 62 W. L. Bull 293 (1916). Consequently, the mother's testimony concerning paternity was properly admitted here.

■ The second contention of the appellant, that the admission of the mother's testimony with respect to gestation was reversible error, is based upon his objection at trial that the mother's testimony was not the "best evidence" and that she did not possess sufficient medical expertise to give an opinion on full-term birth. The "best evidence" rule generally has come to denote only the requirement that the contents of an available written document be proved by introduction of the document itself. It has no application to a case where a party seeks to prove a fact which has an existence independent of any writing. That is the case here. The mother's length of pregnancy is independent of any documentation. Therefore, the rule is inapplicable in this instance.

Rule 56 of Utah Rules of Evidence, relied upon by the appellant, addresses the admission of opinion testimony and states in pertinent part:

TESTIMONY IN FORM OF OPINION. (1) If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to such opinions or inferences as the judge finds (a) may be rationally based on the perception of the witness, and (b) are helpful to a clear understanding of his testimony or to the determination of the fact in issue. . . .

■ The gestation period for humans is capable of scientific determination, as the appellant contends; and, expert testimony would be admissible with respect to it. However, lay opinion, according to Rule 56, is not prohibited if it is "rationally based on the perception of the witness, and . . . helpful to a clear understanding of [the] testimony or to the determination of the fact in issue." With the noticeable physical discomfort and body changes attendant to a pregnancy, the mother is in a position to observe the approximate length of her pregnancy first hand. Certainly her estimation as to the period of gestation is both rationally based upon her own perception and helpful to a clear understanding of the length of term of her child. Therefore, the trial court's admission of the mother's testimony on the subject of gestation was not error.

The appellant's final argument is that the court erred by finding paternity "by a preponderance of the evidence" rather than "beyond a reasonable doubt." The father relies upon *Holder*, supra, which states ". . . the presumption of *legitimacy* will prevail unless the contrary is proved beyond a reasonable doubt." [Emphasis added.] Paternity, (who the father is) not legitimacy, (whether the child was either conceived or born in wedlock or both) is the issue of this case. Since birth and conception both occurred during marriage (albeit two separate marriages), the child, as stated earlier, is unquestionably legitimate; and the presumption of legitimacy prevailing unless the contrary is proved beyond a reasonable doubt does not apply.

We ruled in *State v. Reese*, 43 Utah 447, 135 P. 270 (1913), at 454, 135 P. at 273:

> The [paternity] proceeding is therefore intended to enforce a moral obligation and is thus civil in its consequences and a mere preponderance of the evidence is sufficient to support the verdict.

See also *Astorga v. Julio*, Utah, 564 P.2d 1385 (1977); *Brown v. Marrelli*, Utah, 527 P.2d 230 (1974); *State v. Judd*, 27 Utah 2d 79, 493 P.2d 604 (1972). In short, the applicable standard of proof where paternity is asserted is "by a preponderance of the evidence." The court did not err in so ruling.

The record supports the holding that the appellant is the father of and is obligated to support the child. He gave no convincing evidence to the contrary. As a result, the second husband's temporary care of the child does not extinguish the father's responsibility.

Judgment affirmed. No costs awarded.

HALL, C. J., and STEWART, OAKS and DURHAM, JJ., concur.