The STATE of Utah, Plaintiff and Respondent,

v.

John Joseph WATSON, Defendant and Appellant.

No. 18422.

Supreme Court of Utah.

June 6, 1984.

David C. Biggs, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals his jury conviction of aggravated robbery, a first degree felony under U.C.A., 1953, § 76–6–302.

Defendant claims that the trial court erred in three areas. First, that the State did not lay a proper foundation to introduce into evidence certain clothing allegedly

worn by defendant during the robbery. Second, that the trial court erred by not giving complete *Telfaire* instructions regarding eyewitness testimony. Third, that the evidence was insufficient, as a matter of law, to sustain a conviction.

A little after 1:00 a.m., on April 25, 1981, a man entered a 7-Eleven convenience store located at 6092 South 900 East in Salt Lake County. After browsing for a few moments, he held up the store clerk at gunpoint. The robber ran from the store carrying a brown paper bag with the money. Shortly thereafter, the manager of a nearby video arcade saw a man running towards him. The man ran past him, carrying a brown paper bag, jumped into a car parked behind the video arcade, and drove away speedily.

## I. ADMISSIBILITY OF PHYSICAL EVIDENCE AT TRIAL

Both eyewitnesses stated that the man they had seen was wearing a dark cowboy hat and a leather jacket, and carried a bandana in his pocket. When the defendant was apprehended in Wyoming, the police seized a dark cowboy hat and a leather vest from him. Defendant objected to the admission of the hat and vest as evidence. He claimed that the State had not shown the chain of custody from the time the hat and vest were seized by Wyoming authorities until presented in court. Over this objection, the court admitted the evidence with reservation. When the court later admitted them without reservation, defendant failed to renew his objection.

■ Normally, a single objection to the admission of evidence at the earliest opportunity will preserve an issue for appeal. *State v. Pierre*, Utah, 572 P.2d 1338, 1353 (1977). However, the objecting party must repeat his objection when evidence is admitted without reservation, calling the court's attention to any failure of counsel to connect up the evidence. *State v. Stone*, 18 Utah 2d 289, 291, 422 P.2d 194, 195 (1968). Defendant did not again renew the objection and is thereby precluded from raising it now.

■ Even if defendant had properly raised his objection, the evidence was properly admitted. The so-called chain of custody doctrine has its greatest force where the physical evidence in question is fungible or subject to alteration. In those circumstances, the chain of custody is required to show that there has been no tampering, alteration, or substitution of the evidence. *State v. Petralia*, 110 Ariz. 530, at 536, 521 P.2d 617, 623 (1974). In defendant's circumstance, however, the articles are unique. Defendant's brother-in-law identified the hat and vest as belonging to defendant and, except for some wear, as being unaltered from the last time he had seen them. In this situation, the State did not need to show a complete chain of custody. *State v. Carlton*, 82 N.M. 537, 539, 484 P.2d 757, 759 (1971); *Washington v. People*, 158 Colo. 115, 405 P.2d 735, 739 (1965), cert. denied, 383 U.S. 953, 86 S.Ct. 1217, 16 L.Ed.2d 215 (1966).

## II. SUFFICIENCY OF JURY INSTRUCTIONS

■ Defendant attempted to have the court give to the jury specific instructions concerning the reliability of eyewitness testimony. The proffered instructions were modeled after the Telfaire instructions required in *United States v. Telfaire*, 469 F.2d 552 (D.C.Cir.1972). The trial court gave only part of defendant's instructions and gave other instructions which substantially covered the Telfaire instructions. This Court has held that the trial court has discretion in giving *Telfaire* instructions. See *State v. Reedy*, Utah, 681 P.2d 1251 (1984); *State v. Newton*, Utah, 681 P.2d 833 (1984), and cases cited therein. As in Reedy, defendant Watson claims that the proffered instructions represented his defense theory and asserts that the trial court committed reversible error by refusing to give them. However, we hold that Instruction Nos. 8, 9 and 19 adequately instructed the jury on the subject of the identification testimony. Testimony offered at trial demonstrates that the trial judge used proper discretion in selecting

the jury instructions. *State v. Schaffer,* Utah, 638 P.2d 1185, 1187 (1981). Both eyewitnesses, Bailey and Duncan, identified the robber as bearded, with long dirty hair. Both stated that he wore a cowboy hat and carried a bandana in his pocket. Bailey, the store clerk, identified the vest as that worn by defendant during the robbery. The vest was seized from defendant's car. Defendant's brother-in-law identified the vest as belonging to defendant. Duncan, the arcade manager, positively identified the car and also took down the license number. Both had opportunity to see the defendant in fairly good light. Both witnesses identified him in court.

Defendant brought to light certain weaknesses in Bailey's testimony. Instruction No. 9 particularly addressed those weaknesses, most importantly in asking the jury if "the witness's identification was a product of his own recollection." In essence the jury instructions given substantially paralleled the *Telfaire* instructions. The trial court committed no error in refusing to give the instructions exactly as requested by defendant.

### III. SUFFICIENCY OF THE EVIDENCE

■ It is well settled that a reviewing court has the power to review a case on the sufficiency of the evidence. *State v. Johnson,* Utah, 663 P.2d 48, 49–50 (1983). The standard of review in criminal cases was reiterated in *State v. Petree,* Utah, 659 P.2d 443, 444 (1983):

> [W]e review the evidence and all inferences which may be reasonably drawn from it in the light most favorable to the verdict of the jury. We reverse a jury conviction for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted.

■ Defendant points to both eyewitnesses' identification of the robber as being between 6'0" and 6'2" tall. Defendant is (most likely) between 6'5" and 6'6" tall. Witness Duncan also thought the robber's voice was lower but had only heard the robber say "hi" as he passed. Witness Bailey could not identify the defendant at the preliminary hearing, but he did select his picture from a photo array shortly after the incident. He also identified the defendant at trial. When this evidence is combined with the evidence previously outlined which favors the jury's verdict, it is clear that the evidence as a whole was not so inconclusive or inherently improbable that reasonable minds would entertain a reasonable doubt that the defendant committed the crime. On the total evidence, the jury verdict is amply supported.

### IV. CONCLUSION

■ Defendant's contention that the hat and vest should not have been admitted into evidence must fail. He failed to preserve the issue for trial and the chain of custody doctrine does not apply. *Telfaire* instructions on eyewitness testimony are discretionary with the trial court and in this instance, it did not abuse its discretion in failing to give the precise instructions requested by defendant. We find that the jury had before it sufficient evidence to convict defendant of the crime. Affirmed.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

OAKS, J., having resigned, does not participate herein.