**STATE of Utah, Plaintiff and Respondent,**

v.

**Gordon Scott HANSEN, Defendant and Appellant.**

**No. 20377.**

Supreme Court of Utah.

Nov. 25, 1985.

Con Kostopulos, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Salt Lake City, for plaintiff and respondent.

## MEMORANDUM OF DECISION

HOWE, Justice:

Defendant appeals from his jury conviction of possession of a controlled substance with intent to distribute for value, a third degree felony, in violation of U.C.A., 1953, § 58–37–8(1)(a)(ii). He claims four errors: (1) insufficiency of the evidence, (2) improperly admitted opinion testimony, (3) the court's failure to give a "reasonable alternative hypothesis" instruction to the jury,

and (4) insufficiency of the affidavit supporting the issuance of the search warrant.

Acting on a tip from a confidential informant that defendant was involved in drug-related activities and that drugs and paraphernalia could be found at his residence, police officers obtained a search warrant and searched his home. The officers found 13.5 grams of cocaine in several paper bindles on a work bench next to several items of drug paraphernalia.

### Sufficiency of the Evidence

█ Defendant argues that the cocaine was for his personal use and that the evidence was insufficient to show his intent to distribute. A review of the evidence, however, indicates that a jury could have inferred an intent to distribute. Traces of cocaine were found on a weighing boat and a teaspoon. The drug paraphernalia also included a device commonly used to cut cocaine with other substances, a gram scale, and several papers cut from pornographic magazines to the size and shape commonly used as bindles to package cocaine. This evidence, coupled with the relatively large quantity of cocaine seized from defendant's home, provided the jury with an adequate basis to find an intent to distribute for value.

### Opinion Testimony

█ Defendant urges that the trial court abused its discretion by qualifying a police officer as an expert witness. The officer testified as an expert that the paraphernalia was associated with drug dealers. However, defendant failed to object to the officer's testimony and thereby acquiesced in the court's allowance of the testimony. He is therefore barred from raising this issue on appeal. *State v. McCardell,* Utah,

652 P.2d 942 (1982); *see State v. Watson,* Utah, 684 P.2d 39 (1984).

### Reasonable Alternative Hypothesis

█ Because defendant's conviction was based largely on circumstantial evidence, he claims that he was entitled to a reasonable alternative hypothesis instruction. However, we have clearly ruled that no such instruction need be given where the jury is instructed that the State must prove a defendant's guilt beyond a reasonable doubt. *State v. McClain,* Utah, 706 P.2d 603 (1985); *State v. Burton,* Utah, 642 P.2d 716 (1982); *see Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

### Search Warrant

█ Defendant's attack on the sufficiency of the affidavit supporting the search warrant will not be entertained on appeal because he failed to raise the issue at trial. He did not file a motion to suppress the evidence as required by the Utah Rules of Criminal Procedure, Rule 12, and failed to register at trial any objection to its admission. He therefore waived any objection he might have had and failed to preserve for appeal any objection to the admission of the evidence.

Defendant's conviction is affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.