**STATE of Utah, Plaintiff and Respondent,**

v.

**Allen F. RICE, Defendant and Appellant.**

**No. 20651.**

Supreme Court of Utah.

March 28, 1986.

G. Fred Metos, Ronald J. Yengich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra Sjogren, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of possession of controlled substances and possession with the intent to distribute. He was also convicted of driving with a suspended driver's license, but he does not appeal that conviction. He urges that the drug convictions should be reversed because the drugs admitted into evidence were unlawfully seized in a warrantless search of his truck, impounded at the time of his arrest.

County sheriff's officers had previously suspected defendant of drug dealing, but had insufficient cause for either an arrest or a search warrant. Aware that defendant's driver's license was suspended, the officers staked out the home of defendant's parents for the purpose of stopping defendant as he drove to their home.

When stopped by the officers, defendant pulled over and parked his truck off of the street in an office parking lot. He was then arrested for driving with a suspended license. The officers refused to permit him to leave his locked truck in the parking lot or to allow it to be retrieved by his parents, who lived only four blocks away. Instead, an officer drove the truck to the police station and there privately conducted an inventory search, during which time the drugs were found and seized.

We have previously held that an inventory search is improper when conducted "only as a pretext concealing an investigatory police motive," *e.g.*, to obtain evidence in place of a full-blown investigative search. *State v. Hygh*, Utah, 711 P.2d 264, 268 (1985) (quoting *South Dakota v. Opperman*, 428 U.S. 364, 376, 96 S.Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976)). "In order to support a finding that a valid inventory search has taken place, the court must first determine whether there was reasonable and proper justification for the impoundment of the vehicle." 711 P.2d at 268. There was no statutory authorization for detention of the vehicle under sections 58–37–3, 41–6–116.10, or 41–1–115,[1] as in *State v. Earl*, 716 P.2d 803 (1986). Absent a statutory basis justifying impoundment, we look to the totality of the surrounding circumstances to determine the reasonableness of the seizure of the vehicle.

Cache County has no written standards or procedures for police impoundment of motor vehicles. It is undisputed that defendant's truck was safely locked and parked in a parking lot behind a law office. There is no evidence that there the vehicle posed any danger to the officers or the public. Defendant was not permitted to have someone pick up his locked truck from the parking lot or to arrange other disposition. Defendant was neither advised of the search in advance nor allowed an opportunity to be present. 711 P.2d at 268–69.

In its responding brief, the State concedes the invalidity of the search in this case because the officers had no reasonable, legitimate basis, statutory or circumstantial, for impounding defendant's vehicle prior to its search. The purpose of the impound was to further the investigation of defendant's suspected drug activities by creating a pretext for a custodial search. Consequently, the drugs were illegally seized, and the resulting convictions should be reversed.

1. U.C.A., 1953, as amended.

Because the impoundment and search were admittedly a pretext concealing an investigatory police motive, the evidence seized was improperly admitted at trial under the fourth amendment of the United States Constitution. 711 P.2d at 270. We again note that neither party has discussed or applied article I, section 14 of the Utah State Constitution to the facts of the instant case, and therefore, we do not here consider any separate state standards. *See State v. Earl, supra.*

Defendant's convictions of possession and possession with the intent to distribute controlled substances are reversed and remanded.