STATE of Utah, Plaintiff and Respondent,

v.

Gary Lynn ELLIS, Defendant and Appellant.

STATE of Utah, Plaintiff and Respondent,

v.

Marty R. WITHERS, Defendant and Appellant.

Nos. 20307, 20631.

Supreme Court of Utah.

Dec. 29, 1987.

Karen Jennings, Curtis Nesset, Salt Lake City, for defendants and appellants.

David L. Wilkinson, David B. Thompson, Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendants Gary Ellis and Marty Withers appeal from burglary convictions, claiming that the trial court erred in several respects: first, in denying their motion to sever their trials; second, in admitting lay opinion testimony; third, in denying their motion to arrest judgment; and fourth, in refusing their requested "alternative reasonable hypothesis" jury instruction. Finally, Ellis and Withers claim that the cumulative effect of the errors constitutes adequate ground for reversal. We affirm.

At four o'clock in the morning, police officers responded to a burglary report. The evidence of burglary at the residence was a broken window, muddy footprints below the window on the outside of the house, similar footprints inside, and an opened interior door. In addition, the first officer at the scene noticed a distinctively marked car driving slowly past the house and then accelerating. He gave a description of the car to other officers and requested that they attempt to locate it. Shortly after hearing the description, Officer Schoney began following a car matching the description. He lost sight of it for fifteen to twenty seconds, and when he saw the car again, it was parked on the side of the street. Ellis and Withers were inside and appeared to be asleep. They were roused, questioned, and subsequently arrested and charged with burglary. Although Ellis and Withers made a motion to sever their trials, they were tried together and convicted.

Ellis and Withers' first claim on appeal is that the trial court erred in denying their motion to sever and in subsequently admitting their prior statements into evidence at their common trial in a form not subject to cross-examination. They contend that the trial court thereby denied their right to confrontation under article I, section 12 of the Utah Constitution and under the sixth amendment to the federal constitution. U.S. Const. amend. VI; Utah Const. art. I, § 12.

The statements in question came into evidence during arresting officer Schoney's testimony.[1] Schoney said that after Ellis and Withers had gotten out of the parked car, he asked each "what he was doing sleeping in the back of that vehicle at that time." According to Schoney, Withers stated that "he had been asleep in the back seat of the vehicle since about midnight that evening" and that the car "had been parked there since approximately midnight." Ellis, on the other hand, told Schoney that "he'd been in the vehicle and the vehicle had been parked there for approximately ten to fifteen minutes."

---

1. Ellis and Withers do not claim that the statements themselves were improperly admitted.

Ellis and Withers rely on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), for the proposition that in a joint trial, admitting an out-of-court statement made by one codefendant that incriminates the other codefendant violates the sixth amendment's confrontation clause unless the declarant codefendant is subject to cross-examination. Therefore, they argue, the trial court either should have granted a severance or excluded the statements.

■ *Bruton* does not bear the construction that Ellis and Withers urge. The Supreme Court held that when there is a substantial risk that the jury in a joint trial will use extrajudicial statements made by a nontestifying codefendant to determine another codefendant's guilt, the admission of the former's confession violates the latter's sixth amendment right to confrontation. *Id.* at 126, 88 S.Ct. at 1622. To invoke the *Bruton* doctrine, a statement must be powerfully and facially incriminating with respect to the other defendant and must directly, rather than indirectly, implicate the complaining defendant in the commission of the crime. *Richardson v. Marsh*, — U.S. ——, 107 S.Ct. 1702, 1707, 1709, 95 L.Ed.2d 176 (1987); *United States v. Jonas*, 786 F.2d 1019, 1022 (11th Cir.1986); *see United States v. Lane*, 752 F.2d 1210, 1216 (7th Cir.1985); *United States v. Gonzales*, 749 F.2d 1329, 1334 (9th Cir.1984); *United States v. Diez*, 736 F.2d 840, 844 (2d Cir.1984); *United States v. Belle*, 593 F.2d 487, 493 (3d Cir.), *cert. denied*, 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 277 (1979). The statements received in the present case do not meet this test. These factually inconsistent statements reflect each defendant's efforts to exculpate himself. They certainly support an inference that one or both were not telling the truth about how long the car had been parked, but they do not rise to the level of directly implicating either defendant in the crime charged. *See Jonas*, 786 F.2d at 1022. Therefore, *Bruton* does not come into play, and the trial court was not compelled to sever the trials or exclude the testimony. As for the claim that the admission of the statements violated the Utah Constitution,

we decline to consider the issue because it was not separately briefed. *See State v. Earl*, 716 P.2d 803, 805 (Utah 1986).

■ Ellis and Withers' second claim on appeal is that even if it was not constitutional error to admit the statements, the trial court abused its discretion when it denied defendants' motion to sever. Under Utah Rule of Criminal Procedure 9(b), defendants will be tried jointly unless the court in its discretion orders separate trials. Rule 9(d), however, *requires* separate trials if it appears that the defendants will be prejudiced by joinder. Even if a trial court errs in denying a request for severance under rule 9, we will disregard the error unless it affects the substantial rights of the defendant. Utah R.Crim.P. 30(a). The substantial rights of a defendant are affected if we are persuaded that had the court granted a severance, an outcome more favorable to the defendant would have been reasonably likely. Otherwise, the error must be considered harmless. *State v. Knight*, 734 P.2d 913, 919 (Utah 1987).

The question then is whether the trial court's refusal to sever was sufficiently prejudicial to require reversal. We think that it was not. Both Ellis and Withers have failed to establish a reasonable likelihood of a more favorable outcome if the court had granted a severance and had excluded the conflicting statements.

■ Ellis and Withers' third claim is that the trial court erred when it admitted the lay opinion testimony of Bruce Austin. Mr. Austin, a security guard and former police officer, was one of the first to arrive at the scene. He examined the premises and discovered two sets of footprints in the mud beneath the broken window, as well as footprints inside the house leading away from the broken window. During his testimony, Mr. Austin compared the footprints outside the house to those inside. He said that one exhibit, a photograph of a footprint "with the distinctive heel marking appeared to be the one on the inside of the carpet." The trial court admitted the testimony, reasoning that a witness is allowed to testify from personal experience and observation.

Based on that testimony, Ellis and Withers contend that Mr. Austin gave an opinion which, as a lay witness, he was not qualified to give. They also argue that the slight probative value of the opinion was far outweighed by the danger that the jury construed it as that of an expert and gave it undue weight.

Rule 701 of the Utah Rules of Evidence allows a lay witness to give an opinion when it is rationally based on the witness's perception and helpful to a clear understanding of the testimony or the determination of a fact in issue. Utah R.Evid. 701. It is difficult to understand how Mr. Austin's lay testimony in the form of an opinion became expert testimony. Simply because a question might be capable of scientific determination, helpful lay testimony touching on the issue and based on personal observation does not become expert opinion. It is true that "if [a question] is capable of scientific determination, then expert testimony is admissible with respect to it," *Roods v. Roods,* 645 P.2d 640, 642 (Utah 1982); however, that does not mean that lay opinion testimony is prohibited if the provisions of the evidentiary rule are met. *Id.*

Ellis and Withers' fourth claim is that the trial court should have granted their motion to arrest judgment because there was insufficient evidence to sustain their convictions. We have reviewed the evidence and find this contention to be without merit.

Ellis and Withers' fifth claim is that the trial court erred in denying their proposed "reasonable alternative hypothesis" instruction, because the State's case was based entirely on circumstantial evidence. *State v. Shaffer,* 725 P.2d 1301 (Utah 1986), is controlling on this issue. Shaffer also argued that because his conviction was based largely on circumstantial evidence, he was entitled to a "reasonable alternative hypothesis" instruction. *Id.* at 1312. In *Shaffer,* we affirmed our rule that "such an instruction is unnecessary 'where the jury is instructed that the State must prove a defendant's guilt beyond a reasonable doubt.'" *Id.* (quoting *State v. Hansen,* 710 P.2d 182, 183 (Utah 1985)). In this case, as in *Shaffer,* the trial court instructed the jury that the State had the burden of proof and adequately explained the meaning of reasonable doubt. Therefore, the court did not err in refusing Ellis and Withers' proposed instruction.

Finally, Ellis and Withers claim that the cumulative effect of the assigned errors constitutes reversible error. This claim is without merit. "'Cumulative error' refers to a number of errors which prejudice [a] defendant's rights to a fair trial." *State v. Rammel,* 721 P.2d 498, 501–02 (Utah 1986) (quoting *State v. McKenzie,* 186 Mont. 481, 514, 608 P.2d 428, 448, *cert. denied,* 449 U.S. 1050, 101 S.Ct. 626, 66 L.Ed.2d 507 (1980)). Because we hold that no substantial errors were committed, the concept of cumulative error does not apply. *See Rammel,* 721 P.2d at 502.

We have considered Ellis and Withers' other assignments of error and find them to be without merit. Their convictions are affirmed.

HALL, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.